IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:20-cv-01737-DDD

CHRISTOPHER WILLS,

    Applicant,

v.

J.A. BARNHARDT, Warden

    Defendant.

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

Applicant Christopher Wills is a federal prisoner in the custody of the Bureau of Prisons ("BOP"). Proceeding *pro se,* Applicant filed, on July 9, 2020, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6.) Respondent was ordered to show cause why the Application should not be granted. (*See* ECF No. 20.) On October 26, 2020, Respondent filed a Response to Order to Show Cause (ECF No. 23). Applicant filed a Reply (ECF No. 29) on November 24, 2020.

The Court must construe the Application and other papers filed by Applicant liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. After reviewing the pertinent portions of the record in this case, the Court FINDS and CONCLUDES that the Application should be denied, and

- 1 -

the case dismissed because the Court lacks jurisdiction over Applicant's claim.

## BACKGROUND

**A**pplicant is serving a life sentence in BOP custody and currently is incarcerated at a high-security facility in Florence, Colorado. He alleges that in 2019 and 2020, he requested transfer to a BOP facility within 500 miles of his family because his current placement is 1,500 miles from his family. (ECF No. 6 at p. 2.) Applicant contends that the BOP denied his requests without any "detailed or reviewable explanation (valid) given for the denials" in violation of his constitutional rights and the First Step Act. (*Id.*) In the Application, Applicant initially requested that he be transferred to a new facility within 500 miles of his family. (*Id.* at 4). In his Objection to the Recommendation of United States Magistrate Judge (ECF No. 16), however, Applicant clarifies that his request for relief is not transfer to another facility but rather that the Court order "a proper, fair, and unbiased process/proceeding, giving notice to the Applicant, and stating/giving illuminated reasons as to why it is not 'practible' for the Applicant to be housed in a facility within 500 driving miles of his primary residence." (*Id.* at p. 3.)

In the Response to Order to Show Cause, Respondent argues that the Court lacks jurisdiction to consider Applicant's claim. (ECF No. 23). Respondent first contends that because Applicant does not challenge the fact or duration of his sentence and does not seek immediate release or a shortened period of confinement, his claim is not cognizable under 28 U.S.C. § 2241. (*See id.*) Respondent next argues that the Court lacks

jurisdiction because the First Step Act specifically prohibits the Court from considering the claim. (*Id.*).

In the Reply to Respondent's Response, Applicant contends that the Court has jurisdiction to review "whether the BOP properly followed statutory guidelines and related agency regulations and policies in deciding the Applicant's placement/transfer request." (ECF No. 29 at p. 1.) He further argues that under § 2241, the Court can review whether "the BOP acted arbitrarily and insufficiently/improperly and deviated from proper procedures in denying the Applicant's 500 Mile/closer to home transfer request." (*Id.* at p. 2.) According to Applicant, he "does not challenge the substantive decision of the BOP denying Applicant's annual classification and transfer (500-miles/closer to home facility designation) requests, simply the particular process and procedure employed rendering the decision." (*Id.* at p. 3.)

## ANALYSIS

### I.   § 2241 Habeas Corpus Actions

Habeas corpus review is available under § 2241 if an individual is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement must do so through an application for habeas corpus. *See McIntosh v. United States Parole Common*, 115 F.3d 809, 811-12 (10th Cir. 1997); *Palma-Salazar v, Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012)  ("This court's precedents . . . indicate the types of claims cognizable under § 2241 are those in which an

individual seeks either immediate release from, or a shortened period of, physical imprisonment . . . or immediate release from, or a shortened period of, custody altogether."). In contrast, a prisoner who challenges the conditions of his confinement must commence a civil rights action. *McIntosh,* 115 F.3d at 811-12 ("although a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters, . . . this does not make § 2241 actions like 'condition of confinement' lawsuits, which are brought under civil rights laws."); *see also Sandifer v. Ledezma,* 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement ... must do so through civil rights lawsuits ... not through federal habeas proceedings."). "The core difference between these claims lies in the answer to a simple question: if the challenged conduct ceased, would the state have a valid basis to detain him? If the answer is 'yes,' then the petitioner is pursuing a conditions-of-confinement claim and doesn't have a valid basis to seek a writ of habeas corpus." *Basri v. Barr,* ___ F. Supp. 3d ___, 2020 WL 5036063, at *2 (D. Colo. May 11, 2020) (holding that Court lacked habeas jurisdiction to consider claim from immigration detainee challenging conditions of confinement because of COVID-19).

Thus, "a request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement, and, thus, must be brought pursuant to [*Bivens*].'" *Palma-Salazar,* 677 F.3d at 1035 (affirming district court's denial, on jurisdictional grounds, of prisoner's habeas petition seeking transfer out of super-maximum security prison, and quoting *United States v. Garcia,* 470 F.3d 1001, 1003 (10th Cir. 2006) (affirming district court's summary denial of motions seeking transfer to facilities located closer to prisoners'

families)). In other words, a claim challenging the "BOP's choice of prisons" is a claim challenging the conditions of confinement rather than the fact or duration of federal custody, and thus, cannot be raised in an action under § 2241. *Id.*

Although courts have considered claims under § 2241 challenging the *duration* of a prisoner's placement at a specific facility, *see Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007) (holding that statute governing inmate placement did not authorize BOP regulations limiting community corrections center placement until inmate's final ten percent of sentence), a challenge to the *location* of the designated facility is not cognizable in a § 2241 action, *see Embrey v. Fed. Bureau of Prisons*, No. 18-3205-JWL, 2018 WL 3861186, at *1 (D. Kan. Aug. 14, 2018) (rejecting habeas claim that "takes issue with the location designated by the BOP for service of his time in a halfway house). *See also Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 243-44 (3d Cir. 2005) (explaining distinction between transfer from one federal facility to another as "garden variety" type that cannot be challenged under § 2241 with transfer to a community corrections center, which is considered a challenge to the execution of the inmate's sentence that is cognizable under § 2241).

Here, Applicant's claim challenging the BOP's decisions to deny his transfer requests to be placed in a prison facility closer to his family is not cognizable in a § 2241 habeas corpus application and must be brought in a civil rights action.

## II.   18 U.S.C. § 3621(b)

Even if Applicant's claim were properly asserted in this action, his claim cannot proceed. Generally, 18 U.S.C. § 3621 allows the BOP to designate the place of a prisoner's incarceration during a term of

- 5 -

imprisonment and to direct his or her transfer to another appropriate and suitable facility. Section 3621(b) states in relevant part:

> Place of imprisonment.--The Bureau of Prisons shall ***designate the place of the prisoner's imprisonment, and shall***, subject to bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons, ***place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence***. The Bureau shall, subject to consideration of the factors described in the preceding sentence and the prisoner's preference for staying at his or her current facility or being transferred, transfer prisoners to facilities that are closer to the prisoner's primary residence even if the prisoner is already in a facility within 500 driving miles of that residence.

18 U.S.C. § 3621(b) (emphasis added). This 500 driving miles provision is tempered by numerous other considerations, including bed availability and the prisoner's security designation. *Id.*

The statute also states that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." *Id. See also United States v. Tovar-Zamorano,* No. 16-20052-JAR, 2019 WL 2005918, at \*2 (D. Kan. May 7, 2019). Federal courts therefore do not have jurisdiction to review the BOP's individual designations of an inmate's place of imprisonment. Other courts have found that this provision applies to claims that seek BOP reconsideration of an inmate's placement decision. *See e.g., Porche v. Salazar,* No. 19-CV-00077-MK, 2019 WL 1373683, at \*1 (D. Or. Mar. 5, 2019), *report and recommendation adopted*, 2019 WL 1371139 (D. Or. Mar. 26, 2019) ("Even though petitioner characterizes the BOP's

decision as a 'refusal' to reconsider his designation, that refusal effectively designates petitioner's place of imprisonment and is not reviewable.").

The Court therefore lacks jurisdiction to consider Applicant's claim.

## CONCLUSION

The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6) is DENIED and the instant action DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Mr. Wills's Motion for Prompt/Speedy Disposition (Doc. 32) is DENIED AS MOOT.

It is FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED: August 27, 2021        BY THE COURT:

_____
Hon. Daniel D. Domenico

- 7 -